# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA, | 1:06-cv-00697-LJO-SMS-PC |
|       Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANTS EMARD, BARAJAS, BRAY, NUNLEY, RAZO, MORALES, FRAZER, AND BEAGLE, AND ALL REMAINING CLAIMS AND DEFENDANTS BE DISMISSED |
|     vs. | |
| L. EMARD, et al., | |
|       Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

Plaintiff Ray Medina ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original complaint filed by plaintiff on June 5, 2006. (Doc. 1.) The complaint names Correctional Officer ("C/O") L. Emard, C/O E. Barajas, C/O D. Bray, C/O J. Nunley, C/O J. Razo, C/O A. Morales, Sergeant D. Frazer, MTA Roseann Beagle, Lieutenant ("Lt.") Hargrove, Lt. B. Taylor, Lt. R. Miller, Captain ("Cpt.") F.B. Haws, Cpt. R. Grounds, and Dr. Vo as defendants, and alleges claims for conspiracy, excessive force under the Eighth Amendment, violation of Due Process and Equal Protection rights, inadequate medical care under the Eighth Amendment, retaliation under the First Amendment, violations of the prison appeals process, and defendants' failure to transfer plaintiff to another facility.

On August 26, 2008, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated a cognizable claim for relief under section 1983 against defendants C/O's Emard,

Barajas, Bray, Nunley, Razo, and Morales for use of excessive physical force in violation of the Eighth Amendment; against defendant Sergeant D. Frazer for standing by and watching the attack; against defendant MTA Beagle for inadequate medical care under the Eighth Amendment; and against defendant C/O Emard for retaliation under the First Amendment. (Doc. 30.)   Plaintiff was given leave to either file an amended complaint, or in the alternative, to notify the court that he does not wish to file an amended complaint and instead wishes to proceed only on the claims identified by the court as viable/cognizable in the screening order. Id.  On September 16, 2008, plaintiff filed written notice to the court that he wishes to proceed only on the claims identified by the court. (Doc. 31.)

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants C/O's Emard, Barajas, Bray, Nunley, Razo, and Morales for use of excessive physical force in violation of the Eighth Amendment; against defendant Sergeant Frazer for standing by and watching the attack; against defendant MTA Beagle for inadequate medical care under the Eighth Amendment; and against defendant C/O Emard for retaliation under the First Amendment;

2. All remaining claims and defendants be dismissed from this action;

3. Defendants Lt. G. Hargrove, Lt. B. Taylor, Lt. R. Miller, Cpt. F.B. Haws, Dr. Vo, and Cpt. R. Grounds be dismissed from this action for plaintiff's failure to state a claim upon which relief may be granted against them under section 1983;

4. Plaintiff's Due Process claim, Equal Protection claim, claim for failure to process/review plaintiff's 602 inmate appeals, conspiracy claim, and claim for failure to transfer plaintiff to another facility be dismissed for failure to state a claim upon which relief may be granted under section 1983; and

5. The Clerk be directed to reflect dismissal of defendants pursuant to this order on the Court's docket.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 2, 2008**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE