IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>L. EMARD, et al.,<br><br>　　　　Defendants. | 1:06-cv-00697-LJO-SMS-PC<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION<br>(Docs. 41, 42.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**I.　BACKGROUND**

Ray Medina ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 5, 2006. (Doc. 1.) The court screened the complaint pursuant to 28 U.S.C. 1915A and issued an order on August 26, 2008 requiring plaintiff to either file an amended complaint or notify the court of his willingness to proceed on the claims found cognizable by the court. (Doc. 30.) On September 16, 2008, plaintiff filed written notice to the court of his willingness to proceed on the claims found cognizable by the court. (Doc. 31.) Therefore, this case proceeds on the original complaint filed June 5, 2006. (Doc. 1.) On December 24, 2008, plaintiff filed a motion for preliminary injunctive relief, which is now before the court. (Doc. 41.)

///

1

## II. PRELIMINARY INJUNCTION

### A. Legal Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### B. Discussion

Plaintiff is currently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California. In the motion for preliminary injunctive relief, plaintiff requests a court order transferring him immediately from CCI, along with all of his boxes of property, to the Security Housing Unit at Corcoran State Prison ("CSP"), and for CSP to provide him with all of his allowable property upon his arrival there. Plaintiff alleges that correctional officers at CCI are retaliating against him for filing this lawsuit, have confiscated some of his property, and have not issued him all of his property since his arrival at CCI on November 5, 2008.

///

This action is proceeding against defendants C/O's Emard, Barajas, Bray, Nunley, Razo, and Morales for use of excessive physical force in violation of the Eighth Amendment; against defendant Sergeant Frazer for standing by and watching the attack; against defendant MTA Beagle for inadequate medical care under the Eighth Amendment; and against defendant C/O Emard for retaliation under the First Amendment. Because an order transferring plaintiff to CSP, and for CSP to provide him with all of his allowable property upon his arrival there, would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. Therefore, the court finds that plaintiff's motion must be denied.

### III. CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed December 24, 2008, be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 26, 2009**                    /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE

3