# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA,<br><br>        Plaintiff,<br><br>        v.<br><br>L. EMARD, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-00697-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND ORAL ARGUMENT<br><br>(Docs. 75 and 77)<br><br>ORDER STRIKING REQUEST FOR RULING<br><br>(Doc. 81) |

      Plaintiff Ray Medina is a state prisoner who was proceeding pro se and in forma pauperis in this civil action. On January 22, 2010, the Court issued an order adopting the Magistrate Judge's findings and recommendations, granting Defendants' motion to dismiss, and dismissing this action, without prejudice, for failure to exhaust in compliance with 42 U.S.C. § 1997e(a). On March 10, 2010, Plaintiff filed a motion for reconsideration of the order, and on March 15, 2010, Plaintiff filed a motion seeking oral argument. On March 29, 2010, Defendants filed an opposition to Plaintiff's motion for reconsideration, and the motion was subsequently deemed submitted. Local Rule 230(l). On July 26, 2010, Plaintiff filed a request for a ruling on his motion.

      Plaintiff's motion for oral argument is DENIED, Local Rule 230(l), and Plaintiff's request for a ruling is inappropriate and is STRICKEN from the record.

      Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

1   Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
2   omitted).  The moving party "must demonstrate both injury and circumstances beyond his control
3   . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in
4   relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist
5   which did not exist or were not shown upon such prior motion, or what other grounds exist for the
6   motion," and "why the facts or circumstances were not shown at the time of the prior motion."
7   	"A motion for reconsideration should not be granted, absent highly unusual circumstances,
8   unless the district court is presented with newly discovered evidence, committed clear error, or if
9   there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
10  present evidence for the first time when they could reasonably have been raised earlier in the
11  litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
12  2009) (internal quotations marks and citations omitted) (emphasis in original).
13  	The only ground advanced for seeking reconsideration is the failure of the undersigned to
14  issue a more detailed order.  The remainder of Plaintiff's motion is devoted to arguing why this
15  action should not have been dismissed for failure to exhaust.
16  	Plaintiff opposed Defendants' motion to dismiss and objected to the findings and
17  recommendations.  The brevity of the Court's ruling on those issues is not grounds for
18  reconsideration or submission of additional arguments regarding the issue of exhaustion, and
19  Plaintiff's motion fails to otherwise set forth grounds entitling him to reconsideration of the Court's
20  order.  Fed. R. Civ. P. 60(b); Local Rule 230(j); Marlyn Nutraceuticals, Inc., 571 F.3d at 880.
21  Because Plaintiff did not meet his burden as the party moving for reconsideration, his motion is
22  HEREBY DENIED.
23
24
25  IT IS SO ORDERED.
26  **Dated:    October 19, 2010**	          /s/ Lawrence J. O'Neill
    	                           UNITED STATES DISTRICT JUDGE
27
28